STATE EX REL. DEPARTMENT OF TREASURY *v.* SCHEUMANN

[No. 27,488.   Filed February 13, 1941.   Rehearing denied March 10, 1941.]

*Samuel D. Jackson,* Attorney General, *Joseph P. Mc-Namara,* Deputy Attorney General, and *Thomas M. Quinn, Jr., Charles W. Grubb* and *Ralph E. Allen,* all of Indianapolis, for appellant.

*Eggeman, Reed & Cleland,* of Fort Wayne, for appellee.

FANSLER, J.—The Indiana Unemployment Compensation Division brought this action against the receiver of the Citizens Trust Company to recover contributions alleged to be due and owing under the Indiana Unemployment Compensation Law. The receiver answered, setting up facts to show that Title IX of the Federal Social Security Act is inoperative with respect to the receivership, and alleging that, by virtue of that act, section 23 of the Indiana Unemployment Compensation Law is inoperative, and that there is nothing due. A demurrer to this answer was overruled. The plaintiff refused to plead further, and there was judgment for the defendant.

The ruling on the demurrer to the answer presents the only question on this appeal.

Section 23 of chapter 4 of the Acts of 1936, Sp. Sess. (Acts 1936, p. 80), provides: "If the tax imposed by Title IX of the Federal Social Security Act or any amendments thereto, or any other Federal tax against which contributions under this Act may be credited shall for any cause become inoperative, the provisions of this Act, by virtue of that fact, shall likewise become inoperative, and any unobligated funds in the state unemployment compensation fund or returned by the United States Treasurer because such Federal Social

Security Act is inoperative, shall be refunded to the contributors proportionately to their unexpended contributions under the regulations of the board." Title 12, Federal Code Annotated, § 570, page 203, provides: "Whenever and after any bank has ceased to do business by reason of insolvency or bankruptcy, no tax shall be assessed or collected, or paid into the Treasury of the United States, on account of such bank, which shall diminish the assets thereof necessary for the full payment of all its depositors; and such tax shall be abated from such national banks as are found by the Comptroller of the Currency to be insolvent; and the Commissioner of Internal Revenue, when the facts shall so appear to him, is authorized to remit so much of said tax against insolvent State and savings banks as shall be found to affect the claims of their depositors."

The answer alleges facts which bring the Citizens Trust Company within the terms of this last-quoted statute. It is contended by the appellant that: "The purpose of Section 23 is to provide for the refund of all contributions remaining in the unemployment compensation fund in the event that Title IX is repealed by Congress or declared invalid in its entirety." But the language of the section is, "shall for any cause become inoperative." It is argued that, while in the beginning of the section, there is reference to a "tax" becoming inoperative, the later reference is to the "Federal Social Security Act" becoming inoperative, and that this means that to defeat the collection the federal act must become inoperative generally, and not merely in respect to certain persons or institutions. If this conclusion could be supported it would, of course, support the contention that, to relieve from the obligation of the tax under the state law, the entire federal act must have been repealed or held

unconstitutional. But the language seems plain. If the tax imposed by the federal act shall for any cause become inoperative, the provision of the state law shall likewise become inoperative. This is much broader than a provision that if the federal act should be repealed or be held unconstitutional, the state law should become inoperative. No basis is found for limiting the language to the meaning contended for by the appellant.

Judgment affirmed.

NOTE.—Reported in 31 N. E. (2d) 632.